(No. 24068.— )

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ALBERT SAMUELS, Plaintiff in Error.

*Opinion filed June 11, 1937.*

HENRY C. FERGUSON, and JOHN E. HOGAN, for plaintiff in error.

OTTO KERNER, Attorney General, THOMAS J. COURTNEY, State's Attorney, and A. B. DENNIS, (EDWARD E. WILSON, JOHN T. GALLAGHER, MELVIN S. REMBE, and BLAIR L. VARNES, of counsel,) for the People.

Mr. JUSTICE SHAW delivered the opinion of the court:

The defendant, Albert Samuels, was tried in the criminal court of Cook county on an indictment charging him with forcible rape said to have been committed on the per-

son of Clara Carlis. On a trial before the court without a jury he was found guilty and sentenced to ten years imprisonment. He has sued out this writ of error.

Except for the direct assertion of Clara Carlis that the defendant raped her, and the defendant's equally direct denial, there is no great amount of conflict in the evidence. Clara Carlis is the wife of George Carlis but was not living with him, except for an occasional call at his room in the Irving Park Hotel in Chicago, at which place he was registered as a single man. He was employed as a milkman and customarily left his room about midnight.

The defendant is a colored man thirty-five years old, married, and living with his family. The record shows that he left Georgia at the age of fifteen; worked in Philadelphia in a school for boys for about a year and a half; worked for two years in a school for girls; worked in a factory for a time and later, as a porter, for about four years in a Chicago bank until it failed. For the past several years he has been bellboy in different hotels. His good reputation for chastity and as a law abiding citizen was proved by several witnesses and not rebutted.

There is no question of law in the case which requires our consideration and there is nothing in the evidence which can be of any possible public interest. A careful review of the entire record, including a scrutiny of all surrounding circumstances leaves us with a grave and substantial doubt of the defendant's guilt, and for that reason, alone, the judgment must be reversed. It affirmatively appears that all possible evidence has been introduced and the cause will therefore not be remanded.

The judgment of the criminal court of Cook county will be reversed. *Judgment reversed.*